1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DEANNA KATHLEEN YATES,                    Case No.  1:23-cv-00155-JLT-EPG

12             Plaintiff,

13        v.                                   ORDER DENYING PLAINTIFF'S REQUEST
                                               FOR PERMISSION TO E-FILE
14   THE MONEY SOURCE, INC., et al.,           DOCUMENTS AND "PRAECIPE ORDER"

15             Defendants.                     (ECF Nos. 2, 3)

16

17

18        Plaintiff is proceeding *pro se* in this action filed as a quiet title action. (*See* ECF No. 1).

19   Plaintiff has paid the filing fee and this matter is set for a scheduling conference on May 16,

20   2023; however, no Defendant has yet appeared. (*See* ECF No. 6).

21        Before the Court is Plaintiff's request "to allow for electronic submission of all

22   documentary exhibits." (ECF No. 3). Plaintiff seeks to electronically file (by providing a USB

23   drive to the Court) eighteen "documentary exhibits," because the over 1500 pages making up the

24   exhibits would lead to excessive use of paper and logistical issues in transporting the documents.

25        Under the Court's Local Rules, *pro se* parties are required to "file and serve paper

26   documents" and "may not utilize electronic filing except with the permission of the assigned

27   Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an

28   exception to this rule must be submitted as a stipulation between the parties or a "written motion[

1

1   ] setting out an explanation of reasons for the exception." Local Rule 133(b)(3). It is within the

2   Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL

3   2603413, at *3 (E.D. Cal. June 11, 2013).

4          Plaintiff has not provided a sufficient explanation to deviate from the rule that *pro se*

5   parties must file documents conventionally and may not utilize electronic filing. Plaintiff has

6   offered no explanation for why over 1500 pages in exhibits need to be filed at this stage.

7   Presumably, Plaintiff seeks to offer them in support of the allegations in the complaint. But for a

8   complaint, only a short and plain statement of the claim showing that Plaintiff is entitled to relief

9   is necessary—the addition of 1500 plus pages may only serve to confuse the record. *See Yeron v.*

10  *Hirsh*, No. 1:04-CV-06231-LJO-SMS, 2007 WL 4215242, at *3 (E.D. Cal. Nov. 28, 2007)

11  ("Although the Federal Rules of Civil Procedure allow parties to attach exhibits to their

12  pleadings, it is the experience of this court that when prisoners proceeding without the assistance

13  of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the

14  record and make it much more difficult for the court to determine whether or not the prisoner has

15  any cognizable claims for relief."); *Prayed v. Alaska R.R. Corp.*, No. 4:17-CV-00036-RRB, 2019

16  WL 13241639, at *8 (D. Alaska Mar. 20, 2019) ("Exhibits are not a necessary component of a

17  well-pleaded complaint.").

18         Although the Court understands it is less convenient, if Plaintiff believes the documents

19  are needed for this case, Plaintiff is still able to file them in paper form. Moreover, under Federal

20  Rule of Civil Procedure 5(b)(2)(F), Plaintiff could seek to serve the documents electronically on

21  Defendants by obtaining Defendants' written consent to receiving filings "by any other means"

22  agreed to.

23         Before concluding, the Court notes that Plaintiff's filings thus far appear to advocate a

24  sovereign citizen ideology. Generally, sovereign citizens disclaim any authority by government

25  authorities over them based on the person's own purported sovereignty. *See Vazquez v. California*

26  *Highway Patrol*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19,

27  2016) (explaining "sovereign citizen" ideology). To the extent that Plaintiff advocates any

28  sovereign citizen theories, Plaintiff is advised that courts have uniformly rejected such arguments

1    as meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at

2    *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign

3    citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such

4    utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who

5    raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *see Bey v. State*, 847

6    F.3d 559, 561 (7th Cir. 2017) (noting that a sovereign citizen "was lucky to be spared sanctions").

7         Here, the complaint characterizes Plaintiff as a "NON-PARTICIPANT in any government

8    programs." (ECF No. 1, p. 2). Moreover, Plaintiff has filed a "praecipe order" for the Clerk of

9    Court to explain why Plaintiff is designated as a *pro se* litigant on the docket. (ECF No. 2).

10   Plaintiff offers no clear argument for why Plaintiff should not be designated a *pro se* litigant;

11   instead, Plaintiff cites various inapplicable authorities, such as the Uniform Commercial Code.

12        Accordingly, IT IS ORDERED that Plaintiff's request for permission to file documents

13   electronically (ECF No. 3) is DENIED. And to the extent that Plaintiff's "praecipe order" (ECF

14   No. 2) seeks any relief, it is DENIED.

15

     IT IS SO ORDERED.
16

17    Dated:   **February 6, 2023**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28