1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA-KATHLEEN YATES,<br><br>Plaintiff,<br><br>v.<br><br>THE MONEY SOURCE, INC. d/b/a ENDEAVOR AMERICA LOAN SERVICES; MIDLAND MORTGAGE, Trustee, REMIC Pass-Through Certificates Fannie Mae REMIC Trust 2017-21; FANNIE MAE, Mail Draw Assignments; CALAVERAS COUNTY CLERK RECORDER; CENLAR FSB; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | Case No. 1:23-cv-00155-JLT-EPG<br><br>ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On February 1, 2023, Deanna-Kathleen Yates filed a complaint against the several listed Defendants asserting claims for quiet title and accounting. (Doc. 1 at 1.) Yates asserts this Court has subject matter jurisdiction under diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at 4.) The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any

1

time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). As described below, the complaint fails to sufficiently plead federal jurisdiction.

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal quotations omitted). Yates' complaint states two causes of action, for quiet title and accounting. (Doc. 1 at 6-7.) Although Yates cites various federal statutes in her complaint, she has not clearly identified which federal law, if any, provides claim under which relief can be granted for quiet title or accounting under the alleged circumstances. For example, she cites 12 U.S.C. § 266, which authorizes certain kinds of banking institutions to be employed as fiscal agents of the United States; 26 U.S.C. § 6325, which provides, among other things, mechanisms by which the Secretary of the Treasury may release tax liens; and 48 C.F.R. § 53.228, which lists the standard forms used in connection with bonding and insuring federal acquisition contracts. (*Id.* at 7-8.) None of these statutes or regulations appear to be directly relevant to the *claims* at issue in this case, nor is it apparent that Plaintiff has a right to pursue causes of action under those statutes in this Court. *See Stearns v. Stearns*, 2022 WL 17832259, at 1 (W.D. Wash. Dec. 21, 2022) (issuing order to show cause regarding subject matter jurisdiction where plaintiff failed to "identify a single federal statute or constitutional provision under which he brings his claims").

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is

1  "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*,
2  265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and
3  their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th
4  Cir. 2012). A limited liability company (LLC) is the citizen of every state where its owners or
5  members are citizens, regardless of its state of formation or principal place of business; the
6  citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606,
7  611-12 (9th Cir. 2016).

8  The complaint seemingly identifies at least two Defendants with the same citizenship as
9  Yates. Yates alleges her domicile and citizenship are in California. (Doc. 1 at 3-4.) Yates alleges
10  that Defendant Money Source, Inc. is a New York Corporation and "receives its written
11  communication via 1990 N. California Bld., Ste 720, Walnut Creek, **California**." (*Id.* at 4
12  (emphasis in original).) Yates further alleges that Defendant Calaveras County Clerk Recorder
13  "received written communications" at an address in California. (*Id.*) These allegations do not
14  properly identify these Defendants' citizenship because a corporation's citizenship includes its
15  principal place of business and an individual's citizenship is his or her place of domicile. *See*
16  *Kanter*, 265 F.3d at 857. ("Absent unusual circumstances, a party seeking to invoke diversity
17  jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").
18  However, to the extent Yates intended to allege these Defendants have citizenship in California,
19  they share the same citizenship as Yates, negating the complete diversity requirement. Thus, the
20  complaint fails to sufficiently plead diversity jurisdiction pursuant to § 1332(a). Accordingly,

21  1. Within **15 days** of the issuance of this order, Yates **SHALL** show cause in writing
22  why her claims should not be dismissed for lack of subject matter jurisdiction.
23  2. Alternatively, within **15 days**, Yates may either file an amended complaint that
24  contains allegations addressing the court's jurisdiction and the issues identified in this
25  order or may voluntarily dismiss her claims.
26  **3. Failure to comply with this order will result in dismissal with prejudice of all**
27  **claims due to lack of jurisdiction.**
28  4. In addition, a motion to dismiss was filed by Cenlar FSB Corporate Headquarters on

February 16, 2023. Pursuant to Local Rule 230(c), Yates's opposition was due on March 2, 2023. No opposition was received by that deadline. Therefore, Yates has waived her right to oppose that motion. Should the Court determine jurisdiction exists, it will proceed to rule on that motion on the papers without a hearing. Therefore, the March 24, 2023 hearing is **VACATED**.

IT IS SO ORDERED.

Dated:   **March 13, 2023**

UNITED STATES DISTRICT JUDGE

4